IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                    |
|------------------------------|---|--------------------|
| KELVIN ANDERSON,             |   |                    |
|     Plaintiff,               |   |                    |
| vs.                          |   | No. 08-2142-JPM-dkv |
| BUREAU OF PRISONS, et al.,   |   |                    |
|     Defendants.              |   |                    |

ORDER CORRECTING THE DOCKET
ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On February 27, 2008, Plaintiff Kelvin Anderson, Bureau of Prisons ("BOP") inmate registration number 16924-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"),[1] filed a pro se complaint that purported to invoke federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, and 2241.[2] The Clerk shall record the defendants as the BOP; UNICOR,

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] The Clerk has erroneously classified this case as brought pursuant to 42 U.S.C. § 1983, even though Plaintiff is a federal prisoner and all defendants act under color of federal law. The Clerk is directed to correct the docket to classify this case under NOS code 890, for "Other Statutory Actions."

also known as Federal Prison Industries, Inc. ("FPI");[3] Mr. Martin, the FPI Foreman; and Mr. Pine, whose title is listed as "Superintendent of Industries."[4]

I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit containing the certificate of the trust fund account officer and a copy of his inmate trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund

---

[3] According to its website, FPI is a wholly owned corporation of the United States Government. See http://www.unicor.gov/about/organization/-history/overview_of_fpi.cfm.

[4] Although Plaintiff uses the designation "et al." in his list of defendants in the case caption, the Court will not speculate as to the identity of any person or entity he intends to sue.

officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:
Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of FCI-Memphis to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiff's Claims</u>

Plaintiff is a federal prisoner serving a sentence of imprisonment of two hundred forty (240) months imposed in <u>United States v. Anderson</u>, No. 99-10070-T (W.D. Tenn.). The judgment and

commitment order, which was entered on December 21, 2000, requires Plaintiff to pay restitution in the amount of $20,375. (Compl., ¶ 5.)

The complaint alleges that, to pay his court-ordered restitution, Plaintiff commenced his employment with FPI on May 21, 2002. (Id., ¶¶ 6-7.) On October 11, 2005, Defendant Martin verbally notified Plaintiff that his employment had been terminated. (Id., ¶ 9.) That day, Plaintiff allegedly complained to Defendant Pine that his termination violated his rights to due process (id., ¶¶ 10-11), and Pine allegedly responded that "there have been warnings given about your performance. I am convinced that the appropriate action was taked [sic] based upon the documentation I reviewed" (id., ¶ 12). Plaintiff contends his termination was unfair because he had advanced to the highest pay grade (id., ¶ 8), he had never received a written or verbal warning about his performance (id., ¶ 13), and he received a bonus for exceptional work performance for April and May, 2005 (id., ¶ 14).

Plaintiff seeks a declaratory judgment against all defendants for the termination of his employment without due process and in violation of his rights to equal protection. Plaintiff seeks to be reinstated to his job assignment, at the same pay grade and level of seniority, along with back pay.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

The first matter to be considered is whether this Court has subject-matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id. In his complaint (Coml., ¶¶ 16-17), Plaintiff alleges that he previously filed an action in the United States District Court for the District of Columbia against the BOP concerning his termination, which was dismissed for lack of subject-matter jurisdiction. Anderson v.

Federal Bureau of Prisons, Civil Action No. 06-01402(HHK) (D. D.C. dismissed Sept. 17, 2007).

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." In this case, the complaint purports to invoke federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, and 2241.

Twenty-eight U.S.C. § 1331 provides that the federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[T]he mere invocation of § 1331, without more, is meaningless and does not in itself confer federal question jurisdiction." National Ass'n for the Advancement of Colored People-Special Contribution Fund v. Jones, 732 F. Supp. 791, 793 n.6 (N.D. Ohio 1990). That statute requires that the complaint allege a valid claim under the U.S. Constitution or some federal law that provides for a federal right of action.

Plaintiff's reliance on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, is misplaced. Because 28 U.S.C. § 2201(a) provides for federal jurisdiction over actions seeking declaratory relief only "[i]n a case of actual controversy within its jurisdiction," the statute does not provide an independent basis for federal subject-matter jurisdiction. Toledo v. Jackson, No. 06-

5887, 2007 WL 1236453, at 2 (6th Cir. May 1, 2007) (to be published in the Federal Reporter); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

Plaintiff also relies on 28 U.S.C. § 2241, which authorizes district judges to issue writs of habeas corpus. Although Plaintiff does not cite any provision of § 2241, he presumably relies on 28 U.S.C. § 2241(c)(3), which permits issuance of the writ if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Money damages also are not available through a habeas petition. See Preiser v. Rodriquez, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.") (emphasis in original); Moralez v. Thiede, 828 F. Supp. 492, 495 n.1 (E.D. Mich. 1993). Although Plaintiff's claim seeking reinstatement to his prison job could perhaps be considered under § 2241 as a challenge to the execution of his federal sentence, Robinson v. Hastings, No. Civ.A. 05CV387-KKC, 2006 WL 950185 (E.D. Ky. Apr. 10, 2006), the warden of FCI-Memphis, the proper respondent to any habeas petition, is not a party to this action. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

Because the complaint alleges that Plaintiff's termination violated his rights to due process and equal protection, the Court will consider Plaintiff's claim for reinstatement under 28 U.S.C. § 2241 and <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Plaintiff's claim for back pay will be considered under <u>Bivens</u>.

The complaint and its amendments purport to sue each defendant in his official capacity and to sue the BOP. <u>Bivens</u> claims against the United States and federal agencies are barred by sovereign immunity. <u>Franklin v. Henderson</u>, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); <u>Fagan v. Luttrell</u>, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("<u>Bivens</u> claims against the United States are barred by sovereign immunity. . . . The United States has not waived its immunity to suit in a <u>Bivens</u> action."); <u>Miller v. Federal Bureau of Investigation</u>, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a <u>Bivens</u> action against a federal agency for damages"). Plaintiff's claims against Defendants in their official capacities are, in effect, a claim against the United States, which is barred by sovereign immunity. <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 115-16 (6th Cir. 1988) (per curiam); <u>Lyons</u>, 2008 WL 141576, at *13. The Court DISMISSES the complaint against all defendants in their official capacities and against the BOP, pursuant to 28

9

U.S.C. § 1915A(b)(2), as seeking monetary relief from a defendant who is immune from such relief.[5]

Plaintiff's claim that his termination violated due process is without merit because he has no constitutionally protected liberty interest in his prison job. See, e.g., Shields v. Campbell, No. 03-5635, 2003 WL 22905312, at *1 (6th Cir. Nov. 26, 2003); Carter v. TDOC, 69 F. App'x 678, 680 (6th Cir. 2003); Jewell v. Leroux, 20 F. App'x 375, 377 (6th Cir. 2001); Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001); Newsom v. Norris, 888 F.2d 471, 374 (6th Cir. 1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); Robinson v. Hastings, 2006 WL 950185, at *3 (collecting cases).

> Without a liberty interest, the plaintiff has no due process claim. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 . . . (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir. 1993). Without a due process claim, the instant petitioner fails to state a claim under § 2241.

Robinson, 2006 WL 950185, at *3.

Plaintiff also alleges that his right to equal protection has been violated. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Henry v. Metropolitan Sewer

---

[5] For the reasons previously stated, see supra p. 8, the § 2241 claim is not properly asserted against any individual defendant in his or her official capacity or against the BOP. Any such claim is DISMISSED, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

Dist., 922 F.2d 332, 335 (6th Cir. 1990) (quoting Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989) (en banc )).[6] If the plaintiff is a member of a class that is not "protected," the plaintiff's class "merits constitutional protection only insofar as the state actor could have had no conceivable rational basis for distinguishing it." Purisch v. Tennessee Technological Univ., 76 F.3d 1414, 1424 (6th Cir. 1996).

In this case, the complaint does not allege that Plaintiff was discriminated against because of his membership in a protected class. The law is clear that prisoners are not a protected class for equal protection purposes. See, e.g., Harbin-Bey v. Rutter, 420 F.3d 571, 576 (6th Cir. 2005); Berry v. Traughber, 48 F. App'x 483, 485 (6th Cir. 2002); Garrison v. Walters, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); Heddleston v. Mack, No. 00-1310, 2000 WL 1800576, at *2 (6th Cir. Nov. 30, 2000) ("prisoners incarcerated at the same institution as Heddleston who wished to mail items weighing more than one pound on January 9, 1999, do not constitute a protected class"); Aldred v. Marshcke, No. 98-2169, 1999 WL 1336105, at *1 (6th Cir. Dec. 20, 1999); Shehee v. Luttrell, 199 F.3d 295, 301 (6th Cir. 1999); Preston v. Hughes, No. 97-6507, 1999 WL 107970, at *1 (6th Cir. Feb. 10, 1999); Hampton v. Hobbs, 106 F.3d 1281, 1286

---

[6] Alternatively, a plaintiff may allege that the challenged action unduly burdens the exercise of a fundamental right. For the reasons discussed supra, Plaintiff has no fundamental right to a prison job.

11

(6th Cir. 1997). The complaint also does not allege that Plaintiff was treated less favorably than similarly situated persons who are not members of his class, whatever that may be.

As the complaint does not allege that Plaintiff was subjected to disparate treatment of any type, his termination does not implicate the Equal Protection Clause and even rational basis scrutiny would not be appropriate.

Plaintiff also cannot sue Defendant Pine for failing to take favorable action when he complained about his termination. Pursuant to 42 U.S.C. § 1997e(b), "[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." See also Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003); Shehee, 199 F.3d at 300; Smith v. Corrections Corp. of Am., 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner "had no constitutional right to . . . disciplinary or grievance systems that met his standards"); Irvin v. Fluery, No. 2:07-cv-117, 2007 WL 3036493, at *3 (W.D. Mich. Oct. 16, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access to an institutional grievance procedure."; Mackey v. Carberry, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007); Holloway v. Drew, No. 2:07-CV-160-MEF, 2007 WL 1175067, at *2 (M.D. Ala. Apr. 4, 2007) (report and recommendation); Robertson v. Montgomery County, No. 3 06 0435,

2006 WL 1207646, at *2 (M.D. Tenn. Apr. 27, 2006); Robinson v. Hastings, 2006 WL 950185, at *4; see also George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

Finally, Plaintiff's Bivens claim is time barred. "In federal constitutional tort actions, the court borrows the statute of limitations for personal torts from the state where the claim arose." Merriweather v. City of Memphis, 107 F.3d 396, 398 n.1 (6th Cir. 1997). A one-year statute of limitations is applicable to Bivens actions brought in Tennessee. Mason v. Department of Justice, 39 F. App'x 205, 207 (6th Cir. 2002). The running of the limitations period is tolled, however, while a plaintiff is exhausting his administrative remedies. Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). In this case, Plaintiff was terminated from his prison job on October 11, 2005, and the running of the statute of limitations commenced no later than March 29, 2006, the date on which the appeal of Plaintiff's grievance was denied by the BOP's Administrator of National Inmate Appeals. Plaintiff's complaint was signed on February 21, 2008 and, even if it is deemed

13

to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1987), it is time barred.

The Court therefore DISMISSES the remainder of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. Appeal Issues

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1

14

(2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[7]

IT IS SO ORDERED this 25th day of August, 2008.

/s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff previously filed Anderson v. Woolfork, et al., No. 02-1024-T (W.D. Tenn. dismissed for failure to state a claim Mar. 15, 2002). As previously noted, see supra pp. 6-7, Plaintiff also filed Anderson v. Federal Bur. of Prisons, Civil Action No. 06-01402(HHK) (D. D.C. Sept. 17, 2007), which was dismissed for want of subject-matter jurisdiction. It does not appear a strike was assessed in that case.